**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 19 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BRODGERICK KYLE SIMMONS,

    Petitioner-Appellant,

v.

TWYLA SNIDER,

    Respondent-Appellee.

No. 99-5205

(D.C. No. 97-CV-837-B)

(N.D. Okla)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **HENRY**, and **LUCERO**, Circuit Judges.[**]

In January 1993, Petitioner Brodgerick Kyle Simmons pled guilty in Oklahoma

state court to robbery with a firearm and pled nolo contendere to assault and battery with

a dangerous weapon. The trial court sentenced Petitioner to consecutive sentences of 30

years and 10 years imprisonment respectively. Petitioner did not move to withdraw his

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(A)(2). The case is therefore ordered submitted without oral argument.

guilty and nolo contendere pleas and did not perfect a direct criminal appeal. Instead, Petitioner unsuccessfully sought post-conviction relief in state court. Thereafter, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in federal district court raising two claims: (1) he was denied due process because he never entered a guilty plea and was not found guilty by a jury and (2) he received ineffective assistance of counsel because counsel failed to timely file a notice of or an application to withdraw Petitioner's pleas of guilty and nolo contendere. The district court denied the petition as well as Petitioner's motion for a certificate of appealability. See 28 U.S.C. § 2253(c). Now before us is Petitioner's renewed motion.[1]

The district court concluded that both Petitioner's due process claim and his ineffective assistance of counsel claim were procedurally barred and that Petitioner failed to demonstrate cause and prejudice or a fundamental miscarriage of justice. See Coleman v. Thompson, 501 U.S. 722, 750 (1991) ("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.").

---

[1] Pursuant to Fed. R. App. P. 22(b), we construe Petitioner's notice of appeal as a renewed application for a certificate of appealability.

A petitioner may appeal the denial of a § 2254 petition only "if a circuit justice or judge" issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at 2253(c)(2). We conclude that Petitioner has failed to make the required showing.

We have thoroughly reviewed Petitioner's application for a certificate of appealability, his brief, the district court's order, and the entire record before us. We conclude that Petitioner's claims are procedurally barred substantially for the reasons set forth in the district court's order. Accordingly, we deny his request for a certificate of appealability and dismiss the appeal.[2]

CERTIFICATE OF APPEALABILITY DENIED; APPEAL DISMISSED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge

---

[2] We construe Petitioner's counsel's notice of withdrawal of counsel as a motion to withdraw, see 10th Cir. R. 46.3(A), and grant the motion.

3